**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARVIN VERNARDES CASILDO, AKA Heber Rodolfo Waterhouse, <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 22-901 <br><br> Agency No. A213-111-770 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued & Submitted December 3, 2024
San Francisco, California

Before: COLLINS, VANDYKE, and MENDOZA, Circuit Judges.

Petitioner Marvin Vernardes Casildo, a native and citizen of Honduras,

petitions for review of a decision by the Board of Immigration Appeals (BIA)

affirming an immigration judge's (IJ) (collectively, the "agency") denial of his

application for withholding of removal and relief under the Convention Against

Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

petition.[1]

1.     **Reinstatement of Removal Order.**  Pursuant to a stipulated order of removal, Petitioner under the name of Vernardes confirmed that he was a citizen of Honduras and agreed to removal to Honduras.  Thereafter, Petitioner was removed to Honduras in April 2018.  Now Petitioner challenges his order of removal, asserting that the agency had to make findings as to his citizenship and nationality. We disagree.

A reinstated order of removal reinstates the original order of removal "from its original date and is not subject to being reopened or reviewed."  *See* 8 U.S.C. § 1231(a)(5).  Here, Petitioner does not challenge the underlying removal proceedings, nor does he challenge the reinstatement process.  "At most, a grant of withholding will only inhibit the order's execution with respect to a particular country."  *Padilla-Ramirez v. Bible*, 882 F.3d 826, 832 (9th Cir. 2017).  However, Petitioner would still be subject to removal to another country.  *Id.*  Accordingly, the reinstated removal order is valid.

2.     **Adverse Credibility Determination.**  Substantial evidence supports the agency's adverse credibility finding.  The BIA affirmed the IJ's findings with

---

[1]     We deny Petitioner's motion to remand (Dkt. 73).  Even assuming that Petitioner did not forfeit this argument by failing to address it when he had an opportunity to submit a supplemental or substitute opening brief, the evidence contained in the Department of Homeland Security Administrative Record does not undermine the agency's credibility finding.

respect to Petitioner's use of multiple aliases to immigration officials and the implausibility of Petitioner's claim that he is unable to register his identity. The agency provided "specific and cogent reasons" for its adverse credibility determination. *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1185 (9th Cir. 2016) (citation omitted); *see also* 8 U.S.C. § 1158(b)(1)(B)(iii).

First, Petitioner used multiple aliases while he was in the United States. Although Petitioner claims he used the aliases because of his lack of identification, substantial evidence supports the agency's conclusion that he obtained documents in order to work in the United States. Furthermore, the agency permissibly concluded that Petitioner failed adequately to explain why he had multiple aliases and why he misrepresented himself to immigration officials. *See Li v. Garland*, 13 F.4th 954, 961 (9th Cir. 2021) (explaining that submission of false information in asylum application "is an appropriate factor to consider" in credibility determinations); *Don v. Gonzales*, 476 F.3d 738, 741 n.5 (9th Cir. 2007) ("Admission of prior dishonesty can support an adverse credibility determination.").

Second, Petitioner claimed he was unable to register his identity in Honduras. However, the BIA correctly noted that the record does not show that Petitioner ever attempted to register under "his real name" and his biological mother's information. Moreover, the record supports the agency's determination

that Petitioner possesses many of the documents necessary for him to register. Notably, as the agency explained, the non-registration of birth document issued by the National Registry of the People (RNP) did not preclude Petitioner from obtaining his identification. Rather, it provided that Petitioner would have to obtain his identification through "Reset by Omission," as his expert recognized. Petitioner also does not point to any document that he is unable to obtain but instead claims that he is unable to register because neither of his parents can appear in person. However, the record, including some of his corroborating documents, does not support, much less compel, the conclusion that physical presence is required.[2]

Petitioner does not point to evidence in the record that would compel a conclusion that he cannot register himself in Honduras. Thus, the agency's implausibility finding is supported by the record. *See Lalayan v. Garland*, 4 F.4th 822, 837 (9th Cir. 2021) ("Factual findings, including implausibility findings, 'are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" (citation omitted)). The adverse credibility determination is

---

[2] Although one document purporting to outline Honduran law claims that a declaration of the parent is required, this statement is not consistent with other evidence and does not compel a conclusion different from the agency's. *See Garcia v. Holder*, 749 F.3d 785, 790 (9th Cir. 2014); *cf. Sowe v. Mukasey*, 538 F.3d 1281, 1286 (9th Cir. 2008) (explaining that courts "are not in a position to second-guess the [agency's] construction of the somewhat contradictory . . . report[s]").

22-901

dispositive of Petitioner's eligibility for withholding of removal. *See Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010).

**3.     CAT Relief.**  Petitioner only challenges the agency's denial of CAT relief on adverse credibility grounds.  For the reasons outlined above, substantial evidence supports the agency's denial of CAT relief on the basis of the adverse credibility finding.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003). The agency's additional denial of CAT relief based on independent grounds is forfeited.  *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996).

**4.     USCIS Guidelines.**  Petitioner argues that remand is necessary in light of the newly issued guidelines for stateless individuals.  We disagree.  First, the USCIS policy is not legally binding.  *See Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1118–19 (9th Cir. 2007).  Moreover, even if it were, it is not applicable to persons in removal proceedings and there is nothing in the language that would preclude an IJ from making an adverse credibility finding.  *See* https://www.uscis.gov/policy-manual/volume-3-part-k-chapter-2 ("Officers may only consider requesting a statelessness report where the noncitizen has a pending application, petition, or other request for action with USCIS.").  Thus, there is no basis for remand.

**Petition DENIED.**